PER CURIAM.
Plaintiff-appellant seeks review of the trial court’s order that the testimony did not establish by clear and convincing evidence every requisite element that there was in fact a gift by the decedent, William Johnson, to the plaintiff.
The decedent, William Johnson, had a savings account in appellee, Washington Federal Savings and Loan Association of Miami Beach, of $10,000. He was 77 years old, senile, in poor health and had no family. Plaintiff, a friend of the decedent, had taken the decedent to Palm Springs General Hospital and had obtained a doctor for him. Appellant testified that he visited the decedent the morning of his death and that decedent had allegedly signed a withdrawal slip in blank. Appellant then filled in the rest. Decedent’s doctor testified that he saw the decedent sign a slip of paper. Thereafter, appellant took the withdrawal slip and decedent’s passbooks and attempted to withdraw the money from the appellee, which refused. This suit followed.
To prevail, the evidence must be clear and convincing that there was the required delivery and surrender and this burden of proof is upon the plaintiff-appellant. Rich v. Hallman, 106 Fla. 348, 143 So. 292 (1932).
We have reviewed the record and find that the appellant has failed to meet the burden of proof required. See Canova *684 v. Florida National Bank of Jacksonville, Fla.1952, 60 So.2d 627.
Accordingly, the order of the trial court is hereby affirmed.
Affirmed.